# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ARLEEN KOSAK, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NEW YORK MEDIA HOLDINGS, LLC.<br><br>Defendant. | Case No. 2:22-cv-11850-MFL-EAS<br><br>Hon. Matthew F. Leitman<br><br>**ORAL ARGUMENT REQUESTED** |

### PLAINTIFF ARLEEN KOSAK'S MOTION FOR LEAVE TO AMEND TO FILE A SECOND AMENDED COMPLAINT

Plaintiff Arleen Kosak ("Plaintiff") hereby moves for leave to amend to file a Second Amended Complaint to substitute New York Media, LLC as defendant in this action in place of New York Media Holdings, LLC. In support, Plaintiff relies on the contents of her accompanying Brief below.

Counsel for Plaintiff sought concurrence from counsel for Defendant in the relief requested herein, making contact with counsel for Defendant, but was unable to obtain concurrence.

Whereas, Plaintiff respectfully requests that this Court grant leave to amend and permit Plaintiff to file the Second Amended Complaint attached herewith.

Dated: February 2, 2023

Respectfully submitted,

**ARLEEN KOSAK**,

/s/ *E. Powell Miller*
E. Powell Miller (P39487)
Sharon S. Almonrode (P33938)
THE MILLER LAW FIRM, P.C.
950 W. University Drive, Suite 300
Rochester, MI 48307
Tel: 248-841-2200
epm@millerlawpc.com
ssa@millerlawpc.com

Joseph I. Marchese
Philip L. Fraietta
BURSOR & FISHER, P.A.
888 Seventh Avenue
New York, New York 10019
Tel: 646.837.7150
Fax: 212.989.9163

jmarchese@bursor.com
pfraietta@bursor.com

Frank S. Hedin
Arun G. Ravindran
HEDIN HALL LLP
1395 Brickell Avenue, Suite 1140
Miami, Florida 33131
Tel: 305.357.2107
Fax: 305.200.8801
fhedin@hedinhall.com
aravindran@hedinhall.com

*Counsel for Plaintiff and the Putative Class*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ARLEEN KOSAK, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NEW YORK MEDIA HOLDINGS, LLC.<br><br>Defendant. | Case No. 2:22-cv-11850-MFL-EAS<br><br>Hon. Matthew F. Leitman<br><br>**ORAL ARGUMENT REQUESTED** |

**BRIEF IN SUPPORT OF PLAINTIFF ARLEEN KOSAK'S MOTION FOR LEAVE TO AMEND TO FILE A SECOND AMENDED COMPLAINT**

## STATEMENT OF ISSUES PRESENTED

1. Whether justice permits granting leave to amend where Plaintiff mistakenly named the wrong entity as Defendant and seeks to substitute the correct entity promptly after discovering the error?

    **Plaintiff's Answer: Yes.**

## CONTROLLING AND MOST APPROPRIATE AUTHORITIES

- Federal Rule of Civil Procedure 15(a)(2)

- Federal Rule of Civil Procedure 15(c)

- *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538 (2010)

- *Tefft v. Seward*, 689 F.2d 637 (6th Cir. 1982)

- *Moore v. City of Paducah*, 790 F.2d 557 (6th Cir. 1986)

- *Ringrose v. Engelberg Huller Co.*, 692 F.2d 403 (6th Cir. 1982)

- *Linna v. Ticket Fulfillment Servs., LP*, 2020 WL 13577562 (E.D. Mich. Nov. 5, 2020)

- *State Farm Mut. Auto. Ins. Co. v. BMW of N. Am.*, LLC, 2009 WL 2447574 (E.D. Mich. Aug. 7, 2009)

**TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................1

STATEMENT OF FACTS AND PROCEDURAL HISTORY ...............................3

LEGAL STANDARD.............................................................................................5

ARGUMENT ..........................................................................................................6

    I.    JUSTICE WARRANTS GRANTING LEAVE TO AMEND...................6

    II.   DEFENDANT WILL NOT SUFFER PREJUDICE AND NONE OF THE OTHER *FOMAN* CONSIDERATIONS APPLY .......................................7

CONCLUSION.......................................................................................................9

# TABLE OF AUTHORITIES
**Cases**

*Broughton v. St. John Health Sys.*,
  246 F. Supp. 2d 764 (E.D. Mich. 2003) ................................................................3

*Foman v. Davis*,
  371 U.S. 178 (1962) .............................................................................................6

*In re Great Ct. Ins. Agency, LLC*,
  2022 WL 3146795 (Bankr. N.D. Ohio Aug. 5, 2022) ......................................8, 9

*Keweenaw Bay Indian Cmty. v. State*,
  11 F.3d 1341 (6th Cir. 1993) ................................................................................6

*Linna v. Ticket Fulfillment Servs., LP*,
  2020 WL 13577562 (E.D. Mich. Nov. 5, 2020) ...............................................3, 7

*Moore v. City of Paducah*,
  790 F.2d 557 (6th Cir. 1986) ............................................................................6, 8

*Phelps v. McClellan*,
  30 F.3d 658 (6th Cir. 1994) .................................................................................9

*Reeser v. Henry Ford Hosp.*,
  2015 WL 4488504 (E.D. Mich. July 23, 2015) ....................................................6

*Tefft v. Seward*,
  689 F.2d 637 (6th Cir. 1982) ............................................................................2, 8

*United States v. Atlas Lederer Co.*,
  215 F.R.D. 539 (S.D. Ohio 2003) ........................................................................9

**Statutes**

Michigan's Preservation of Personal Privacy Act, H.B. 5331, 84th Leg. Reg. Sess., P.A. No. 378, §§ 1-4 (Mich. 1988), id. § 5, added by H.B. 4694, 85th Leg. Reg. Sess., P.A. No. 206, § 1 (Mich. 1989) (the "PPPA") ..............................................2

## INTRODUCTION

Plaintiff Arleen Kosak ("Plaintiff") hereby moves for leave to amend to file a Second Amended Complaint to substitute New York Media, LLC as defendant in this action in place of New York Media Holdings, LLC. Plaintiff's motion seeks to correct a situation of mistaken identity of the proper defendant. In short, Plaintiff named Defendant New York Media Holdings, LLC ("Defendant") in the operative Amended Class Action Complaint ("Amended Complaint") (ECF No. 6) under the mistaken belief that it was the publisher of *New York* magazine. Defendant filed a motion to dismiss on January 12, 2023 indicating that it is not the publisher of *New York* magazine, but rather is the holding company of the publisher. Plaintiff's counsel requested from Defendant's counsel the name of the entity that published the magazine during the pre-July 31, 2016 time period relevant to this action, but Defendant's counsel refused to provide this information. Plaintiff's counsel subsequently performed exhaustive research to identify the legal entity that published and sold the magazine during that time period, including by obtaining a copy of an issue of the publication from early 2016, and as a result of those efforts now believes that entity to be New York Media, LLC.

Because Plaintiff seeks to bring a claim against the publisher and seller of *New York* magazine under Michigan's Preservation of Personal Privacy Act, H.B. 5331, 84th Leg. Reg. Sess., P.A. No. 378, §§ 1-4 (Mich. 1988), id. § 5, added by

H.B. 4694, 85th Leg. Reg. Sess., P.A. No. 206, § 1 (Mich. 1989) (the "PPPA"), Plaintiff seeks leave to amend to substitute the publisher, New York Media, LLC, as defendant in this matter. The substantive allegations will otherwise remain the same. Pursuant to Local Rule 15.1, the proposed Second Amended Complaint is attached herewith as **Exhibit 1**.

Federal Rule of Civil Procedure ("Rule") 15(a)(2) governs requests for leave to amend, setting forth a liberal standard for granting leave to amend "when justice so requires." Here, justice warrants granting leave to amend because amendment would allow the proper party to be substituted and for Plaintiff's PPPA claim to be adjudicated on the merits, which is the intent of Rule 15. *See Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982) ("The thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings."); *Broughton v. St. John Health Sys.*, 246 F. Supp. 2d 764, 775 (E.D. Mich. 2003) ("[I]n light of the general policy that courts should adjudicate cases on their merits rather than on technical pleading grounds, the Court shall grant Plaintiffs leave to amend their Complaint to cure the deficiencies . . ."). Further, courts in this District have found that justice requires that leave to amend be granted where the plaintiff seeks to substitute the correct defendant for a defendant erroneously named. *See, e.g.*, *Linna v. Ticket Fulfillment Servs., LP*, 2020 WL 13577562, at *1 (E.D. Mich. Nov. 5, 2020).

2

There are no mitigating circumstances justifying a denial of leave to amend. First, Defendant will not suffer prejudice because it will be substituted out of the case in favor of the proper defendant. Second, Plaintiff has not unduly delayed seeking amendment. Plaintiff files this motion to amend within weeks of receiving Defendant's motion to dismiss and learning that it is not the proper defendant, and promptly upon obtaining information showing that New York Media, LLC is the proper defendant. Third, Plaintiff's motion is not futile because Plaintiff asserts a viable PPPA claim against the publisher of *New York* magazine. The proper defendant, New York Media, LLC (a company within the corporate holdings of the current defendant New York Media Holdings, LLC) will have a full and fair ability to contest the merits of Plaintiff's PPPA claim once it is substituted as defendant in this action.

For the foregoing reasons, and for the reasons set forth below, Plaintiff respectfully requests that this Court grant her motion for leave to amend for the sole purpose of substituting New York Media, LLC in place of New York Media Holdings, LLC.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

On August 10, 2022, Plaintiff Arleen Kosak filed a Class Action Complaint ("Complaint") (ECF No. 1) against Defendant New York Media Holdings Corp. alleging violations of the PPPA related to Plaintiff's subscription to *New York*

magazine. Plaintiff mistakenly believed that New York Media Holdings Corp. "is the publisher of *New York*." Complaint ¶ 10.

On November 4, 2022, following an unsuccessful attempt to serve the original named defendant at the address provided in its corporate registration documents, Plaintiff amended her complaint as of right to substitute Defendant New York Media Holdings, LLC ("Defendant") as the Defendant – an entity that Plaintiff believed to be the publisher given that its registered agent maintained a physical location where service could be effectuated (unlike the original defendant). *See* Amended Complaint, ¶ 10.

Thereafter, on January 12, 2023, Defendant New York Media Holdings, LLC moved to dismiss Plaintiff's Amended Complaint in part on the grounds that the Court does not have personal jurisdiction over Defendant New York Media Holdings, LLC and that Plaintiff lacks both Article III standing and statutory standing to sue Defendant New York Media Holdings, LLC. *See* Brief in Support of Defendant New York Media Holdings, LLC's Motion To Dismiss Plaintiff's Amended Complaint ("MTD") (ECF No. 16) at 1-2, PageID.1094-1095. Both arguments are underpinned by Defendant's assertion that New York Media Holdings, LLC is a holding company and "is not and never has been the publisher of *New York* magazine[.]" *Id.* at 1, PageID.1094. Importantly, Defendant admitted that New York Media Holdings, LLC is "the holding company for the publisher" –

4

but oddly has refused to identify the entity that published the magazine during the relevant pre-July 31, 2016 time period. *Id.* at 5, PageID.1098.

Promptly upon the filing of the motion to dismiss, Plaintiff's counsel performed exhaustive research to identify the legal entity that published and sold the magazine during that time period, including by obtaining a copy of an issue of the publication from early 2016, and as a result of those efforts now believes that entity to be New York Media, LLC.

**LEGAL STANDARD**

"Pursuant to Rule 15(a), 'leave [to amend] shall be freely given when justice so requires.'" *Keweenaw Bay Indian Cmty. v. State*, 11 F.3d 1341, 1348 (6th Cir. 1993) (quoting Rule 15(a)). "The Supreme Court has explained that courts may deny leave to amend where there is 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and/or] futility of amendment.'" *Reeser v. Henry Ford Hosp.*, 2015 WL 4488504, at *1 (E.D. Mich. July 23, 2015) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "The decision as to whether justice requires the amendment is committed to the district court's sound discretion." *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986).

# ARGUMENT

Here, pursuant to Rule 15's liberal standard, justice requires that the Court grant Plaintiff leave to amend to substitute in the correct entity as the Defendant. None of the relevant factors weigh in favor of denying leave to amend at this early stage of the litigation.

## I. JUSTICE WARRANTS GRANTING LEAVE TO AMEND

Courts in this District have routinely granted leave to amend to substitute the proper defendant where the plaintiff has mistakenly sued the wrong defendant. For example, in *Linna*, 2020 WL 13577562, at *1, the plaintiff filed a putative class action naming Ticket Fulfillment Services, LP, but later "learned that the proper defendant [was] Ticketsonsale.com, LLC." The plaintiff filed a motion "for leave to amend the complaint to name the proper defendant and remove reference to Ticket Fulfillment Services, LP." *Id.* Applying the standards set forth in Rule 15, the Court granted the motion, reasoning that the "court should freely give leave when justice so requires" and that there were no issues related to bad faith, dilatory purposes, futility, undue delay or prejudice to the defendant. *Id.*

Here, Plaintiff seeks the very same relief granted by the court in *Linna*. Plaintiff simply seeks leave to amend to name the proper defendant, New York Media LLC, in place of the current defendant New York Media Holdings, LLC – a modest request that, if granted, will serve Rule 15's purpose of having this case

resolved "on its merits and not dismissed on technical grounds." *Tefft*, 689 F.2d at 640.

## II. DEFENDANT WILL NOT SUFFER PREJUDICE AND NONE OF THE OTHER *FOMAN* CONSIDERATIONS APPLY

Defendant will not suffer any undue burden as a result of the proposed amendment, which simply seeks to correct an error by substituting in the correct legal entity as the defendant. In fact, if leave to amend is granted, Defendant will be removed from the case (which is its desire) and the proper defendant, New York Media, LLC, will be substituted in its place. Thus, far from being prejudiced by the proposed amendment, Defendant will be its biggest beneficiary because it will no longer need to defend this case.

It is well settled in the Sixth Circuit that leave to amend cannot be denied without "at least some significant showing of prejudice to the opponent." *Moore*, 790 F.2d at 562; *In re Great Ct. Ins. Agency, LLC*, 2022 WL 3146795, at *4 (Bankr. N.D. Ohio Aug. 5, 2022) (explaining "a delay alone is not enough, and the court must find some prejudice to the opposing party to justify a denial"). Here, amendment will not cause Defendant to expend significant resources to conduct discovery or prepare for trial and will not delay resolution of the dispute. *Phelps v. McClellan*, 30 F.3d 658, 662–63 (6th Cir. 1994) ("In determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct

7

discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction.").

Nor has Plaintiff unduly delayed seeking this amendment. Indeed, Defendant filed a motion to dismiss indicating that it is not the proper party on January 12, 2023. Plaintiff makes this motion just weeks later in response to Defendant's motion to dismiss to ensure the proper party is named, after first meeting and conferring with Defendant's counsel in an attempt to ascertain the name of the correct legal entity and, when those efforts proved unsuccessful, performing extensive research to obtain this information on her own. Courts in the Sixth Circuit have rejected arguments of undue delay even where substantial litigation has taken place. *See, e.g.*, *United States v. Atlas Lederer Co.*, 215 F.R.D. 539, 542–43 (S.D. Ohio 2003) (rejecting undue delay argument when government sought to amend after eleven years of litigation); *In re Great Ct. Ins. Agency, LLC*, 2022 WL 3146795, at *3 ("Defendants have not unduly delayed the case by waiting a little over six months to amend their answer."). Plaintiff is acting in good faith to swiftly amend to ensure that the case is brought against the correct party. Plaintiff is not acting with a dilatory motive, but rather is seeking to expedite litigation against the proper defendant.

Finally, Plaintiff's amendment is not futile because Plaintiff alleges a viable PPPA claim against New York Media, LLC. Further, New York Media, LLC will

8

have the opportunity to challenge Plaintiff's allegations when it is substituted as defendant in this matter.

Therefore, there is no basis to deny Plaintiff's request for leave to amend to substitute New York Media, LLC as defendant in place of New York Media Holdings, LLC.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant leave to amend and permit Plaintiff to file the Second Amended Complaint attached herewith.

Dated: February 2, 2023                Respectfully submitted,

**ARLEEN KOSAK**,

/s/ *E. Powell Miller*
E. Powell Miller (P39487)
Sharon S. Almonrode (P33938)
THE MILLER LAW FIRM, P.C.
950 W. University Drive, Suite 300
Rochester, MI 48307
Tel: 248-841-2200
epm@millerlawpc.com
ssa@millerlawpc.com

Joseph I. Marchese
Philip L. Fraietta
BURSOR & FISHER, P.A.
888 Seventh Avenue
New York, New York 10019
Tel: 646.837.7150
Fax: 212.989.9163
jmarchese@bursor.com

9

pfraietta@bursor.com

Frank S. Hedin
Arun G. Ravindran
HEDIN HALL LLP
1395 Brickell Avenue, Suite 1140
Miami, Florida 33131
Tel: 305.357.2107
Fax: 305.200.8801
fhedin@hedinhall.com
aravindran@hedinhall.com

*Counsel for Plaintiff and the Putative Class*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 2, 2023, I electronically filed the foregoing documents using the Court's electronic filing system, which will notify all counsel of record authorized to receive such filings.

>*/s/ E. Powell Miller*
>E. Powell Miller (P39487)
>**THE MILLER LAW FIRM, P.C.**
>950 W. University Dr., Ste. 300
>Rochester, MI 48307
>Tel: (248) 841-2200
>epm@millerlawpc.com