# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| ARLEEN KOSAK, | **)** | |
| individually and on behalf of all others | **)** | |
| similarly situated, | **)** | |
| Plaintiff, | **)** | Case No. 2:22-cv-11850-MFL-EAS |
| | **)** | |
| vs. | **)** | Hon. Matthew F. Leitman |
| | **)** | |
| NEW YORK MEDIA HOLDINGS, LLC, | **)** | **ORAL ARGUMENT** |
| Defendant. | **)** | **REQUESTED** |
| | **)** | |
| _____ | **)** | |

## DEFENDANT NEW YORK MEDIA HOLDINGS, LLC'S
## SUR-REPLY IN FURTHER OPPOSITION TO PLAINTIFF'S
## <u>MOTION FOR LEAVE TO AMEND</u>

## STATEMENT OF ISSUE PRESENTED

Whether a defendant who may be dismissed from a case on amendment has standing to argue against amendment, particularly when amendment would be futile?

**Defendant's Answer:** Yes.

## CONTROLLING AND MOST APPROPRIATE AUTHORITIES

1. Fed. R. Civ. P. 15.

2. *Carter v. Great Am. Grp. WF, LLC*, No. 3:11-0794, 2012 WL 3286048 (W.D. Tenn. July 23, 2012), *Report and Recommendation adopted sub. nom. Carter v. Movie Gallery US, LLC*, 2012 WL 3332409 (M.D. Tenn. Aug. 10, 2012).

3. *MAKS, Inc. v. EODT Gen. Sec. Co.*, No. 3:10-CV-443, 2012 WL 902927 (E.D. Tenn. Mar. 12, 2012).

4. *Averett v. Hardy*, No. 3:19-CV-116-BJB, 2022 WL 2079883 (W.D. Ky. June 9, 2022).

## ARGUMENT

Defendant New York Media Holdings, LLC   ("NYMH") argued in opposition to Plaintiff's motion for leave to amend her First Amended Complaint ("FAC"), among other things, that amendment would be futile because (i) Plaintiff filed her complaint after the expiration of the six-year limitations she herself said applied and (ii) even if she had timely filed her complaint, she failed to state a claim under Fed. R. Civ. P. 12(b)(6). (ECF 18, PageID.1689-1702.)

On reply, Plaintiff raised a new argument, albeit in a footnote, that a defendant who would be dismissed from the case if a proposed amendment were granted lacks standing to oppose that amendment. (ECF 19, PageID.1716, n.1.) She is incorrect. Even assuming, *arguendo*, that NYMH would not be prejudiced by the proposed amendment, there are several cases within the Sixth Circuit in which a defendant who itself would not be prejudiced by an amendment nevertheless had standing to apprise the Court of the futility of allowing further amendment. *See, e.g.*, *Carter v. Great Am. Grp. WF, LLC*, No. 3:11-0794, 2012 WL 3286048, at *2 (W.D. Tenn. July 23, 2012), *Report and Recommendation adopted sub. nom. Carter v. Movie Gallery US, LLC*, No. 3-11-0794, 2012 WL 33324092012 (M.D. Tenn. Aug. 10, 2012) (concluding that the defendants had standing to argue that a proposed amendment against a new defendant would be futile, even though the statute of limitations defense giving rise to futility was personal to the yet-to-be-added

defendant and could be waived by that defendant, "because futility is a valid objection to a motion to amend"); *MAKS, Inc. v. EODT Gen. Sec. Co.*, No. 3:10-CV-443, 2012 WL 902927, at *2 (E.D. Tenn. Mar. 12, 2012) ("while plaintiffs may be correct that the statute of limitations is an affirmative defense that is designed for the benefit of a person against whom a claim may be made, such rule does not necessarily preclude the Court from considering whether it would be futile to allow an amendment to a complaint that adds new defendants because that amendment would not survive a motion to dismiss based upon a statute of limitations defense asserted by those new defendants") (internal citations omitted); *Averett v. Hardy*, No. 3:19-CV-116-BJB, 2022 WL 2079883, at *3 (W.D. Ky. June 9, 2022) ("A statute of limitations is ordinarily an affirmative defense that may be raised (or waived) only by the party to whom it applies. Yet Hardy may assert the statute of limitations on Bigelow's behalf because courts may consider any applicable statute of limitations in determining futility.") (internal citations omitted).

Indeed, even the case Plaintiff relies upon, *Phillips v. Hinds*, No. 1:19-CV-331, 2020 WL 11029920 (W.D. Mich. Oct. 19, 2020), supports NYMH's argument. The *Phillips* court implicitly held that the defendant did have standing to argue that an amendment would be futile even though that defendant had no stake in the outcome of the amendment. *Id.* at *1. In *Phillips*, plaintiff sought leave to amend to add a claim against the county sheriff that the county's policy on the use of deadly

force was unconstitutional. *Id.* The determination of that allegation would not impact the objecting defendant, who was not the sheriff. *Id.* After acknowledging the notion adopted in other fact-specific circumstances in other jurisdictions that a defendant lacks standing if an amendment would not affect them,[1] the Court concluded that the proposed amendment would not withstand a motion to dismiss and thus denied plaintiff leave to amend. *Id.* Here, as set forth in NYMH's opposition papers, Plaintiff's amendment could not survive a motion to dismiss, and leave to amend should likewise be denied.[2]

---

[1] Plaintiff points to a New Jersey criminal case cited in *Phillips*, *Chesler v. City of New Jersey*, 2:15-CV-01825, 2019 WL 6318301 (D.N.J. Nov. 26, 2019), to support her view. But that criminal case from another jurisdiction is not controlling. The other cases cited in *Phillips*, too, are generally from outside the Sixth Circuit and are not controlling. Those within the Sixth Circuit do not support Plaintiff's position. *Clark v. Hamilton Mortgage Co.*, No. 1:07-cv-252, 2008 WL 919612 (W.D. Mich. Apr. 2, 2008), was not decided on standing grounds. The court merely stated that the present defendants should not have objected on behalf of a non-party, and declined to apply a summary judgment standard to assess futility. And the *Phillips* court recognized that *Carter*, cited above, holds that a defendant unaffected by amendment does have standing to argue futility. *Phillips*, 2020 WL 11029920, at *1.

[2] Furthermore, the proposed amendment would harm NYMH because NYMH is related to the proposed new defendant, New York Media, LLC ("NYM"), as NYM's holding company. Plaintiff admits and indeed, relies upon, this relationship in arguing that her amendment "relates back" to the prior complaint. (ECF 17-1. PageID.1143 n.1.) As NYM's holding company, by definition, an injury to NYM would also injure NYMH, thus creating standing. *See generally Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (standing requires, *inter alia*, an injury to plaintiff traceable to defendant).

## CONCLUSION

For the foregoing reasons and those set forth in NYMH's opposition papers, NYMH respectfully requests that the Court deny Plaintiff's motion for leave to amend.

Date: March 3, 2023                    Respectfully submitted,

                                       /s/ *Kristen C. Rodriguez*
                                       DENTONS US LLP
                                       Kristen C. Rodriguez
                                       Emily A. Golding
                                       233 S. Wacker Drive, Suite 5900
                                       Chicago, Illinois 60606-6404
                                       Tel: (312) 876-8000
                                       kristen.rodriguez@dentons.com
                                       emily.golding@dentons.com

                                       Deborah H. Renner
                                       1221 Avenue of the Americas
                                       New York, New York 10020-1089
                                       Tel: (212) 398 5793
                                       deborah.renner@dentons.com

                                       CLARK HILL PLC
                                       Peter B. Kupelian (P31812)
                                       Carol G. Schley (P51301)
                                       151 South Old Woodward Avenue,
                                       Suite 200
                                       Birmingham, Michigan 48009
                                       Tel: (248) 530-6336
                                       pkupelian@clarkhill.com
                                       cschley@clarkhill.com

                                       *Counsel for Defendant*,
                                       *New York Media Holdings, LLC*