**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| ARLEEN KOSAK, individually and on behalf of all others similarly situated,<br><br>                  Plaintiff,<br><br>v.<br><br>NEW YORK MEDIA HOLDINGS, LLC,<br>                  Defendant. | Case No. 2:22-cv-11850-MFL-EAS<br><br>Hon. Matthew F. Leitman |

**DEFENDANT NEW YORK MEDIA HOLDINGS, LLC'S**
**MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY**

Defendant New York Media Holdings, LLC ("NYMH") respectfully moves the Court for leave to file the recent decision in *Bozung v. Christianbook, LLC*, No. 1:22-cv-304, slip op. (W.D. Mich. Mar. 7, 2023), ECF 51, as supplemental authority in further support of NYMH's Opposition to Plaintiff's Motion to Amend her First Amended Complaint (ECF 17).

Pursuant to Local Rule 7.1(a), Defendant's counsel certifies that on March 8, 2023 they communicated with Plaintiff's counsel, explaining the nature of the relief sought in this Motion and seeking concurrence in that relief. Plaintiff's counsel stated that Plaintiff does not oppose NYMH's request to file supplemental authority but requested an opportunity to respond. NYMH does not oppose Plaintiff's request.

Dated: March 8, 2023          Respectfully submitted,

/s/ *Kristen C. Rodriguez*
DENTONS US LLP
Kristen C. Rodriguez
Emily A. Golding
233 S. Wacker Drive, Suite 5900
Chicago, Illinois 60606-6404
Tel: (312) 876-8000
kristen.rodriguez@dentons.com
emily.golding@dentons.com

Deborah H. Renner
1221 Avenue of the Americas
New York, New York 10020-1089
Tel: (212) 398-5793
deborah.renner@dentons.com

CLARK HILL PLC
Peter B. Kupelian (P31812)
Carol G. Schley (P51301)
151 South Old Woodward Avenue, Suite 200
Birmingham, Michigan 48009
Tel: (248) 530-6336
pkupelian@clarkhill.com
cschley@clarkhill.com

*Counsel for Defendant*
*New York Media Holdings, LLC*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ARLEEN KOSAK, )<br>individually and on behalf of all others )<br>similarly situated, )<br>                    Plaintiff, ) | Case No. 2:22-cv-11850-MFL-EAS |
| )<br>        v.                    ) | Hon. Matthew F. Leitman |
| )<br>NEW YORK MEDIA HOLDINGS, LLC, )<br>                    Defendant. )<br>)<br>) | |

### BRIEF IN SUPPORT OF DEFENDANT NEW YORK MEDIA HOLDINGS, LLC'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY

## STATEMENT OF ISSUE PRESENTED

1. Whether this Court should grant leave to Defendant to submit supplemental authority in support of its Opposition to Plaintiff's Motion to Amend her First Amended Complaint when that authority is directly on point as to the legal issues raised in Defendant's Opposition.

    Defendant's Answer: YES.

ii

**STATEMENT OF CONTROLLING/MOST APPROPRIATE AUTHORITY**

The controlling authority for this Motion includes:

1. *Bozung v. Christianbook, LLC*, No. 1:22-cv-304 (W.D. Mich. Mar. 7, 2023).

2. *Riverview Health Institute LLC v. Medical Mutual of Ohio*, 601 F.3d 505, 520 (6th Cir. 2010).

## INTRODUCTION

Defendant New York Media Holdings, LLC ("NYMH" or "Defendant") respectfully seeks leave to submit the recent decision in *Bozung v. Christianbook, LLC*, No. 1:22-cv-304 (W.D. Mich. Mar. 7, 2023), ECF 51, (attached as Exhibit 1) as supplemental authority in support of NYMH's Opposition (ECF 18, "Opposition") to Plaintiff's Motion to Amend her First Amended Complaint (ECF 17, "Motion to Amend").

*Bozung* was issued by Judge Jarbou, the Chief Judge in the Western District of Michigan, and involved nearly identical allegations and claims under the pre-July 31, 2016 version of Michigan's Preservation of Personal Privacy Act, M.C.L. § 445.1711, *et seq*. (the "PPPA"). Judge Jarbou's decision is directly relevant to the issues before this Court related to Plaintiff's Motion to Amend. Specifically, Judge Jarbou dismissed the operative complaint in *Bozung* for the exact reasons set forth in NYMH's original motion to dismiss (ECF 16), which were repeated in its Opposition to the Motion to Amend. In sum, Judge Jarbou's opinion makes clear that Plaintiff's proposed Second Amended Complaint ("SAC") could not withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). The Court should therefore grant this Motion for Leave to submit *Bozung* as supplemental authority in support of NYMH's Opposition to Plaintiff's Motion to Amend.

# ARGUMENT

NYMH opposed Plaintiff's Motion to Amend on several bases, including that the SAC would not survive a motion to dismiss under Rule 12(b)(6). *See Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 520 (6th Cir. 2010) (finding that "[a] proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss") (quotations and citations omitted). Specifically, the Opposition argued that the SAC, like the First Amended Complaint ("FAC"), failed to allege plausible claims against New York Media, LLC ("NYM") and that the original complaint was untimely. (Opp., ECF 18, PageID.1690-95, 1697-1702.)

As was true of the operative complaint in *Bozung*, Plaintiff's proposed SAC sets forth allegations made on "information and belief" that the proposed Defendant, NYM, "rented, exchanged, and/or otherwise disclosed detailed information about Plaintiff's *New York* magazine subscription to data aggregators, data appenders, data cooperatives, and list brokers, among others . . . during the relevant pre-July 31, 2016 time period." (*Compare* Proposed SAC, ECF 17-1, PageID.1143-44 *with Bozung*, Am. Compl., ECF 11, PageID.582-83.) To support her claims, Plaintiff here relies solely on legal conclusions that NYM "systematically violat[ed] the PPPA" (Proposed SAC, ECF 17-1, PageID.1151), as well as a purported "data card" published by a third-party broker, NextMark, which allegedly offers for sale a mailing list of "mail order responsive subscribers" to *New York* magazine. (*Id.*,

2

PageID.1145 and Ex. A.) That data card indicates that it is offering information allegedly related to subscriber counts "through 4/28/2022." Nearly identical legal conclusions, as well as a similar NextMark data card, were relied upon by the plaintiff in *Bozung* to support his claims. (*See Bozung*, Am. Compl., ECF 11, PageID.584 and Ex. A, data card including subscriber counts "through 02/28/2022"; PageID.592.)

Relying on the recent decision in *Nashel v. The New York Times Co.*, No. 2:22-cv-10633, 2022 WL 6775657 (E.D. Mich. Oct. 11, 2022), Judge Jarbou found that the operative complaint in *Bozung* did not sufficiently allege the defendant had disclosed the plaintiff's data in violation of the PPPA. She determined that the plaintiff's allegations pled "on information and belief" did not meet the pleading standards set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). *See* Ex. 1, at 10 ("[A]llegations based solely on belief 'are precisely the kinds of conclusory allegations that *Iqbal* and *Twombly* condemned and thus told us to ignore when evaluating a complaint's sufficiency.'") (quoting *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 506 (6th Cir. 2013)). Moreover, Judge Jarbou determined that the 2022 data card did "not suffice to create a plausible inference that [defendant] disclosed [plaintiff's] information during the relevant time period" (Ex. 1, at 10), because the plaintiff's "skeletal allegations do not permit a reasonable inference that a datacard like the one

available in 2022 was also available in 2016" and the plaintiff's allegations "amount to 'naked assertion[s]' devoid of 'further factual enhancement' that do not suffice to state a claim." *Id.*, at 9 (quoting *Iqbal*, 556 U.S. at 678). The same is true here, demonstrating the futility of the SAC. This Court should consider the decision in *Bozung* persuasive in determining whether Plaintiff should be allowed to amend her FAC because the proposed SAC would not survive a Rule 12(b)(6) motion.

In finding that the plaintiff's deficient allegations did not state a claim under the PPPA, Judge Jarbou squarely rejected the reasoning in a recently issued report and recommendation regarding another PPPA plaintiff's claims. In *Briscoe v. NTVB Media Inc.*, No. 4:22-cv-10352 (E.D. Mich. Mar. 3, 2023), ECF 41, Magistrate Judge Kimberly G. Altman recommended denying a publisher's motion to dismiss based on her rejection of the *Nashel* opinion. Instead, Judge Altman relied on a 2018 decision from the Western District of Michigan where the judge found the PPPA plaintiff's allegations sufficient to withstand a motion to dismiss. *See Briscoe*, ECF 41, PageID.2694-98 (relying on *Horton v. GameStop Corp.*, 380 F. Supp. 3d 679, 682 (W.D. Mich. 2018)). Judge Altman made this determination despite the fact that the arguments before the *Horton* court differed from those made both before Judge Murphy in *Nashel* and before her. Judge Altman ultimately determined, without reasoning, that *Horton* was "more persuasive" than *Nashel* and denied the motion to dismiss. *See Briscoe*, ECF 41, PageID.2697. In *Bozung,* however, Judge Jarbou

4

made clear that she disagreed with Judge Altman's rejection of *Nashel*.[1] *See* Ex. 1, at 10 ("The Court disagrees with th[e] conclusion [in *Briscoe*]") ).

Judge Jarbou applied the "COVID tolling" that Plaintiff advocates for in this case. However, she did not state her reasoning in any detail. Nor does the ruling consider that *Carter v. DTN Management Co.*, No. 360772, 2023 WL 439760 (Mich. Ct. App. Jan. 26, 2023) found the COVID-19 Orders to be procedural in nature, which means that federal common law applies, not state tolling law. *See Carter*, 2023 WL 439760, at *4. (*See also* Opp., ECF 18, PageID.1689-95.) In any event, in *Bozung*, the original complaint was filed prior to the July 30, 2022 deadline that would be applicable if a six-year limitation period were to apply to PPPA claims—unlike here, where the original complaint in this case was filed August 10, 2022, eleven days after the six-year limitation period expired. Accordingly, the same

---

[1] NYMH also notes that the report and recommendation in *Briscoe* has not been adopted by the district judge, and, in fact, the time for filing oppositions to that report and recommendation has not yet passed. *Briscoe* is therefore neither precedential nor instructive. *See United States v. Gaver*, No. 3:16-CR-88, 2017 WL 1134814, at *11, n.6 (S.D. Ohio Mar. 27, 2017) ("A Report and Recommendation has no precedential value unless and until adopted by the district court"); *Leon v. Washington Mut. Bank, F.A.*, 164 F. Supp. 2d 1034, 1039 n.4 (N.D. Ill. 2001) ("Because the report and recommendation of the magistrate judge may or may not be accepted by the district judge in Rhode Island, it has no precedential authority in this case."); *Innis v. Bankers Tr. Co. of S. Dakota*, No. 416CV00650RGESBJ, 2017 WL 4876240, at *5 n.2 (S.D. Iowa Oct. 13, 2017) (citations omitted) ("The Court finds this [supplemental] authority unpersuasive as it carries no precedential value. This opinion is a report and recommendation to which the plaintiffs have objected; a district judge must review the decision de novo.") (internal citations omitted).

5

timeliness issue presented before this Court was not before Judge Jarbou in the *Bozung* matter. Thus, respectfully, this Court should perform an independent analysis of NYMH's timeliness arguments.

## CONCLUSION

For the foregoing reasons, the Court should grant NYMH's Motion for Leave to File Supplemental Authority and should thereafter deny Plaintiff's Motion to Amend her FAC.

Date: March 8, 2023   Respectfully submitted,

/s/ *Kristen C. Rodriguez*
DENTONS US LLP
Kristen C. Rodriguez
Emily A. Golding
233 S. Wacker Drive, Suite 5900
Chicago, Illinois 60606-6404
Tel: (312) 876-8000
kristen.rodriguez@dentons.com
emily.golding@dentons.com

Deborah H. Renner
1221 Avenue of the Americas
New York, New York 10020-1089
Tel: (212) 398 5793
deborah.renner@dentons.com

CLARK HILL PLC
Peter B. Kupelian (P31812)
Carol G. Schley (P51301)
151 South Old Woodward Avenue, Suite 200
Birmingham, Michigan 48009
Tel: (248) 530-6336
pkupelian@clarkhill.com

6

cschley@clarkhill.com

*Counsel for Defendant,*
*New York Media Holdings, LLC*

## **Certificate of Service**

I hereby certify that on March 8, 2023, a copy of the foregoing document was filed electronically and served by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

/s/ *Kristen C. Rodriguez*
Kristen C. Rodriguez