# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

ARLEEN KOSAK, individually and on behalf of others similarly situated,

*Plaintiff*,

v.

NEW YORK MEDIA HOLDINGS, LLC,

*Defendant*.

Case No. 2:22-cv-11850
Hon. Matthew F. Leitman

Magistrate Judge Elizabeth A. Stafford

## DEFENDANT'S RESPONSE TO PLAINTIFF'S
## NOTICE OF SUPPLEMENTAL AUTHORITY

1

## STATEMENT OF ISSUES PRESENTED

1. Whether this Court should rely on the ruling in *Bozung v. Christianbook, LLC* ("*Bozung II*"), No. 1:22-cv-304, ECF No. 84 (W.D. Mich. July 14, 2023) as persuasive authority in deciding NYMH's Motion to Dismiss (ECF No. 16) or Plaintiff's Motion for Leave to Amend to File a Second Amended Complaint (ECF No. 17)?

   Defendant's Answer: No.

**STATEMENT OF CONTROLLING/MOST APPROPRIATE AUTHORITY**

The controlling or most appropriate authority for this Motion includes:

1. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

2. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

3. *Bozung v. Christianbook* ("*Bozung I*"), *LLC*, No. 1:22-cv-304, ECF No. 51 (W.D. Mich. March 6, 2023).

4. *Bozung v. Christianbook, LLC* ("*Bozung II*"), No. 1:22-cv-304, ECF No. 84 (W.D. Mich. July 14, 2023).

5. *Nashel v. The New York Times Co.*, No. 2:22-cv-10633, 2022 WL 6775657 (E.D. Mich. Oct. 11, 2022).

NYMH[1] submits this response to Plaintiff's Notice of Supplemental Authority, filed on July 28, 2023 (ECF No. 29) (the "Notice"), regarding *Bozung v. Christianbook, LLC* ("*Bozung II*"), No. 1:22-cv-304, ECF No. 84 (July 14, 2023). For the reasons set forth below, *Bozung II* is both inapposite and wrongly decided. Accordingly, the Court should not follow *Bozung II*.

## ARGUMENT

*Bozung II* is distinguishable from the motions currently before this Court. The court in *Bozung II* granted a motion under Federal Rules of Procedure 59(e) and 60 to amend or alter its earlier decision dismissing the case and allowed the plaintiff to file an amended complaint that added "many detailed factual allegations . . . based upon new evidence that he obtained through discovery." *Bozung II,* No. 1:22-cv-304, ECF No. 84 at PageID.2039-41. By contrast, Plaintiff's proposed SAC is nearly identical to the pleading rejected by the *Bozung* court in March. *Bozung v. Christianbook* ("*Bozung I*"), No. 1:22-cv-304; ECF No. 51, PageID.1597-99, 1602 (March 6, 2023). For example, the "primary factual support" for the *Bozung I* complaint and the proposed SAC here are 2022 "datacard[s]" incapable of inferring a 2016 unlawful disclosure and both heavily rely on "allegations based solely on belief," which "'are precisely the kinds of conclusory allegations that *Iqbal* and

---

[1] Abbreviations herein have the same meanings ascribed to them in NYMH's pending motion to dismiss the FAC. (ECF No. 16).

1

*Twombly* condemned. . . .'" *Bozung I*, 1:22-cv-304, ECF No. 51 at PageID.1599 (quotation omitted). By contrast, *Bozung II* analyzed specific allegations from the relevant time period "based upon new evidence." *Bozung II*, 1:22-cv-304, ECF No. 84 at PageID.2040-41. Plaintiff's proposed SAC contains no new factual allegations.

Further, Plaintiff's argument that *Bozung II* "is relevant to [the] issue" of whether "*any* proposed amendment by Plaintiff here is futile" mischaracterizes the standard governing her Motion for Leave to File an Amended Complaint (ECF No. 17). *See* Notice at PageID.1911 (emphasis added). The question is whether Plaintiff has proposed an amended pleading capable of withstanding a Rule 12 motion—not whether any conceivable amended complaint might be able to do so. *Beydoun v. Sessions*, 871 F.3d 459, 469-70 (6th Cir. 2017) (affirming denial of leave to amend as "futile" where plaintiff "never informed the district court of what facts he would use to supplement his claim, thus allowing him to withstand a motion to dismiss."); *see also Johnson v. FCA US LLC*, 555 F. Supp. 3d 488, 510 (E.D. Mich. 2021) (Leitman, J.) (declining to grant leave to amend based on oral general request).

Plaintiff's proposed SAC is the only potential amendment currently before the Court, and numerous courts have rejected other PPPA complaints that are substantially similar to the SAC and were also filed by Plaintiff's counsel. *Bozung I*, 1:22-cv-304, ECF No. 51 at PageID.1596-99, 1603; *Nashel v. N.Y. Times Co.*, No. 2:22-cv-10633, 2022 WL 6775657, at *4-6 (E.D. Mich. Oct. 11, 2022); *Wheaton v.*

*Apple Inc.*, No. 3:19-cv-2883, 2019 WL 5536214, at *5 (N.D. Cal. Oct. 25, 2019). For example, in *Wheaton*, the court declined to "speculate" that one of the data cards attached to the complaint, similar to the one relied upon here, was "a listing by a third-party data broker selling" customers' personally identifying information because the data card did not "provide sufficient facts to support this argument." *Wheaton*, 2019 WL 5536214, at *4. This Court should do the same and disregard *Bozung II* as irrelevant.

In any event, the court erred in *Bozung II* by allowing the plaintiff to shore up their entirely deficient complaint with facts exclusively obtained through discovery. Consistent with *Iqbal* and *Twombly*, a "plaintiff must allege specific facts" and "may not use the discovery process to obtain these facts after filing suit." *New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1051 (6th Cir. 2011). Moreover, there can be no question that the "sheer *magnitude* of the risk" imposed by class actions (particularly in cases involving statutory damages, like this one) produces "intense pressure to settle." *Matter of Rhone-Poulenc Rorer, Inc.*, 51 F.3d 1293, 1297-98 (7th Cir. 1995). Given that "the threat of discovery expense will push cost-conscious defendants to settle even anemic cases," this Court "retain[s] the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed," and should do so here. *Twombly*, 550 U.S. 544, 558, 559 (2007) (citation and quotation marks omitted).

## CONCLUSION

NYMH respectfully requests that the Court decline to follow *Bozung II*, grant NYMH's motion to dismiss the FAC, and deny Plaintiff's Motion for Leave to Amend to File a Second Amended Complaint.

Date: August 2, 2023                    Respectfully submitted,

/s/ *Kristen C. Rodriguez*
Kristen C. Rodriguez
Deborah H. Renner
DENTONS US LLP
1221 Avenue of the Americas
New York, New York 10020
(212) 768-6700
kristen.rodriguez@dentons.com
deborah.renner@dentons.com

Peter B. Kupelian (P31812)
Carol G. Schley (P51301)
CLARK HILL PLC
151 South Old Woodward Ave., Suite 200
Birmingham, MI 48009
(248) 530-6336
pkupelian@clarkhill.com
cschley@clarkhill.com

*Counsel for Defendant*
*New York Media Holdings, LLC*