**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| ARLEEN KOSAK individually and on behalf of others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>NEW YORK MEDIA HOLDINGS, LLC,<br><br>*Defendant*. | Case No. 2:22-cv-11850-MFL-EAS<br><br>Hon. Matthew F. Leitman<br><br>Magistrate Judge Elizabeth A. Stafford |

**DEFENDANT NEW YORK MEDIA HOLDINGS, LLC'S
MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY**

Defendant New York Media Holdings Corp., LLC ("NYMH") respectfully moves the Court for leave to file the recent decision in *Compagner v. Burch*, No. 359699, --- N.W.2d ----, 2023 WL 3766734 (Mich. Ct. App. June 1, 2023) and the Michigan Supreme Court's order in *Carter v. DTN Management Co.*, 991 N.W.2d 586 (Mich. 2023) (the "*Carter II* Order") as supplemental authority in further support of NYMH's Motion to Dismiss the First Amended Complaint (ECF No. 16) and opposition to Plaintiff's Motion for Leave to Amend her First Amended Complaint. Both the *Compagner* decision and the *Carter II* Order demonstrate the unsettled nature of the issue of so-called "COVID-19 tolling" before the Court.

Pursuant to Local Rule 7.1(a), Defendant's counsel certifies that on September 13, 2023, they communicated with Plaintiff's counsel, explaining the nature of the relief sought in this Motion and seeking concurrence in that relief. Counsel for Plaintiff and Defendant concurred that Defendant could file its Notice of Supplemental Authority (the "Notice") and Plaintiff could file a substantive response (the "Response"), with neither the Notice nor the Response going beyond five pages.

Dated: September 14, 2023　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　/s/ *Kristen C. Rodriguez*
　　　　　　　　　　　　　　　　　Kristen C. Rodriguez
　　　　　　　　　　　　　　　　　Deborah H. Renner
　　　　　　　　　　　　　　　　　DENTONS US LLP
　　　　　　　　　　　　　　　　　1221 Avenue of the Americas
　　　　　　　　　　　　　　　　　New York, New York 10020
　　　　　　　　　　　　　　　　　Tel: (212) 768-6700
　　　　　　　　　　　　　　　　　kristen.rodriguez@dentons.com
　　　　　　　　　　　　　　　　　deborah.renner@dentons.com

　　　　　　　　　　　　　　　　　CLARK HILL PLC
　　　　　　　　　　　　　　　　　Peter B. Kupelian (P31812)
　　　　　　　　　　　　　　　　　Carol G. Schley (P51301)
　　　　　　　　　　　　　　　　　151 South Old Woodward Avenue,
　　　　　　　　　　　　　　　　　Suite 200
　　　　　　　　　　　　　　　　　Birmingham, Michigan 48009
　　　　　　　　　　　　　　　　　Tel: (248) 530-6336
　　　　　　　　　　　　　　　　　pkupelian@clarkhill.com
　　　　　　　　　　　　　　　　　cschley@clarkhill.com

　　　　　　　　　　　　　　　　　*Counsel for Defendant*
　　　　　　　　　　　　　　　　　*New York Media Holdings, LLC*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

ARLEEN KOSAK, individually and on behalf of others similarly situated,

*Plaintiffs*,

v.

NEW YORK MEDIA HOLDINGS, LLC,

*Defendant*.

Case No. 4:22-cv-11850
Hon. Matthew F. Leitman

Magistrate Judge Elizabeth A. Stafford

**BRIEF IN SUPPORT OF DEFENDANT NEW YORK MEDIA HOLDINGS, LLC'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY**

## STATEMENT OF ISSUE PRESENTED

1. Whether this Court should grant Defendant leave to submit supplemental authority in support of its Motion to Dismiss (ECF No. 16) and in opposition to Plaintiff's Motion for Leave to Amend her First Amended Complaint (ECF No. 17) when that authority is directly on point on the issue of so-called "COVID-19 tolling" in this case?

   Defendant's Answer: YES.

**STATEMENT OF CONTROLLING/MOST APPROPRIATE AUTHORITY**

The controlling authority for this Motion includes:

1. *Compagner v. Burch*, No. 359699, --- N.W.2d ----, 2023 WL 3766734 (Mich. Ct. App. June 1, 2023).

2. *Carter v. DTN Mgmt. Co.*, 991 N.W.2d 586 (Mich. June 30, 2023) (Mem.).

## INTRODUCTION

Defendant New York Media Holdings, LLC ("NYMH" or "Defendant") respectfully seeks leave to submit a Notice of Supplemental Authority (attached hereto as Exhibit A) regarding the recent decision in *Compagner v. Burch*, No. 359699, --- N.W.2d ----, 2023 WL 3766734 (Mich. Ct. App. June 1, 2023) (the "*Compagner* Decision") and order in *Carter v. DTN Mgmt. Co.*, 991 N.W.2d 586 (Mich. 2023) (Mem.) (the "*Carter II* Order") in support of NYMH's Motion to Dismiss the First Amended Complaint (ECF No. 16) and in opposition to Plaintiff's Motion for Leave to Amend her First Amended Complaint (ECF No. 17). The *Compagner* Decision and the *Carter II* Order are directly relevant to the issue of "COVID-19 tolling" in this case, and each was decided after the close of briefing on Defendant's Motion to Dismiss and Plaintiff's Motion for Leave to Amend. Accordingly, this Motion for Leave to File Supplemental Authority should be granted.

## ARGUMENT

"Courts may grant parties leave to file supplemental authority 'in the interests of justice when the proposed submission contains "new authority or evidence that was not available [to the movant] in the exercise of reasonable diligence" when the original briefs were filed.'" *Tera II, LLC v. Rice Drilling D, LLC*, No. 2:19-CV-2221, 2023 WL 2664415, at *5 (S.D. Ohio Mar. 28, 2023) (quoting *Valassis*

#3464124

*Commc'ns, Inc. v. News Corp.*, No. 13-cv-14654, 2015 WL 13050049, at *1 (E.D. Mich. Dec. 23, 2015). Courts in this District routinely "accept[] and consider[]" supplemental authority that "draw the court's attention to recent cases decided" after the close of briefing in a relevant "area of law." *In re CMS Energy ERISA Litig.*, 312 F. Supp. 2d 898, 904 (E.D. Mich. 2004); *Smith v. Stellar Recovery, Inc.*, No. 15-cv-11717, 2017 WL 1336075, at *8 (E.D. Mich. Feb. 7, 2017), report and recommendation adopted, No. 2:15-cv-11717, 2017 WL 955128 (E.D. Mich. Mar. 13, 2017) ("the authorities cited were decided after the parties filed their respective motions for partial summary judgment, and the filing of such supplemental authority has precedent in this district."); *Kiriacopoulos v. Gen. Motors LLC*, No. 22-cv-10785, 2023 WL 2789622, at *1 n.1 (E.D. Mich. Apr. 5, 2023) (granting defendant's "motion for leave to file a notice of supplemental authority" in support of motion to dismiss and "tak[ing] into consideration the authorities identified in that filing."); *Kerchen v. Raphalides*, No. 22-cv-12492, 2023 WL 4933933, at *1-5 (E.D. Mich. Aug. 2, 2023) (considering whether "two recently decided Michigan Supreme Court cases" brought "to the Court's attention" in a notice of supplemental authority required dismissal).

Defendant should be granted leave to file the *Compagner* Decision and the *Carter II* Order as supplemental authority because both cases are directly relevant to the argument advanced by Plaintiff that she is entitled to tolling based on certain

2

state orders issued in response to the COVID-19 pandemic. Indeed, both cases consider whether orders issued by the Michigan Supreme Court purporting to toll certain filing deadlines at the height of the COVID-19 pandemic (the "Orders") render timely otherwise time-barred claims, as Plaintiff argues. *Compagner*, at *5-17 (Mich. Ct. App. June 1, 2023); *Carter*, 991 N.W.2d 586. These cases also seriously undercut the persuasive value of the Michigan Court of Appeals' decision in an underlying decision in *Carter v. DTN Mgmt. Co.*, --- Mich. App. ----, --- N.W.2d ----, 2023 WL 439760 (2023) ("*Carter I*), which Plaintiff asserted saved her otherwise time-barred claims. *See* ECF No.17

In another PPPA case, *Gottsleben v. Informa Media*, Inc., No. 1:22-cv-866, ECF No. 51 (W.D. Mich. July 7, 2023)—which Plaintiff has submitted as supplemental authority here as well—the court accepted plaintiff's counsel's arguments regarding *Carter I* and found the plaintiff's claims were timely.[1] ECF No. 27; *Gottsleben*, 1:22-cv-866, ECF No. 51, PageID.1798-1801. Plaintiffs' reliance on the Michigan Court of Appeals' decision in *Carter I* renders *Compagner* and the Michigan Supreme Court's order in *Carter II* highly relevant: *Compagner* expressly rejects *Carter I*'s faulty logic and holding, and the Michigan Supreme Court's order

---

[1] In reaching its decision, the *Gottsleben* court erroneously held that the Michigan Court of Appeals decision was binding on the federal court. *Id.* at PageID.1799. But intermediate state court decisions are not binding on federal courts. *Horizon Lawn Maint., Inc. v. Columbus-Kenworth, Inc.*, 188 F. Supp. 3d 631, 635 (E.D. Mich. 2016).

3

in *Carter II* grants a petition to review the lower court's decision in *Carter I* that Plaintiff so heavily relies on here. For these reasons "[t]he interests of justice are best served by allowing" Defendant to file this countervailing supplemental authority. *Kinney v. Horton*, No. 17-11545, 2018 WL 558807, at *1 (E.D. Mich. Jan. 25, 2018).

Finally, both cases were decided in June 2023, well after briefing on Defendant's Motion to Dismiss and Plaintiff's Motion for Leave were completed in March 2023. *See Carter II*, 991 N.W.2d 586 (decided June 30, 2023); *Compagner*, 2023 WL 3766734 (decided June 1, 2023). *Compare Smith*, 2017 WL 1336075, at *8 (finding proper the consideration of authorities "decided after the parties filed their respective motions"); *with Int'l Union, United Auto., Aerospace, & Agric. Implement Workers of Am. (UAW) v. Visteon Corp.*, No. 10-13903, 2013 WL 12441092, at *4 (E.D. Mich. Oct. 22, 2013) (denying motion for leave to file supplemental authority that had been decided almost one year prior "and could have been raised at that time.").

## CONCLUSION

For the foregoing reasons, the Court should grant NYMH's Motion for Leave to File Supplemental Authority and should thereafter grant NYMH's Motion to Dismiss.

4

Date: September 14, 2023

Respectfully submitted,

/s/ *Kristen C. Rodriguez*
Kristen C. Rodriguez
Deborah H. Renner
DENTONS US LLP
1221 Avenue of the Americas
New York, New York 10020
Tel: (212) 768-6700
kristen.rodriguez@dentons.com
deborah.renner@dentons.com

CLARK HILL PLC
Peter B. Kupelian (P31812)
Carol G. Schley (P51301)
151 South Old Woodward Avenue, Suite 200
Birmingham, Michigan 48009
Tel: (248) 530-6336
pkupelian@clarkhill.com
cschley@clarkhill.com

*Counsel for Defendant,*
*New York Media Holdings, LLC*

5

## **Certificate of Service**

I hereby certify that on September 14, 2023, a copy of the foregoing document was filed electronically and served by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

/s/ *Kristen C. Rodriguez*
Kristen C. Rodriguez