# **EXHIBIT A**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

ARLENE KOSAK individually and on behalf of others similarly situated,

*Plaintiffs*,

v.

NEW YORK MEDIA HOLDINGS, LLC,

*Defendant*.

Case No. 4:22-cv-11850
Hon. Matthew F. Leitman

Magistrate Judge Elizabeth A. Stafford

# DEFENDANT NEW YORK MEDIA HOLDINGS, LLC'S
# NOTICE OF SUPPLEMENTAL AUTHORITY

## INTRODUCTION

Defendant New York Media Holdings, LLC ("NYMH") respectfully notifies the Court of two highly relevant cases decided after the close of briefing—*Compagner v. Burch*, No. 359699, --- N.W.2d ----, 2023 WL 3766734 (Mich. Ct. App. June 1, 2023) (the "*Compagner* Decision," attached hereto as Exhibit 1)—and *Carter v. DTN Mgmt. Co.*, 991 N.W.2d 586 (Mich. 2023) (Mem.) (the "*Carter II* Order," attached hereto as Exhibit 2). These cases undercut Plaintiff's position that she is entitled to "COVID-19 tolling" to save her otherwise untimely claim. To support her argument, Plaintiff has relied on *Carter v. DTN Mgmt. Co.*, --- Mich. App. ----, --- N.W.2d ----, 2023 WL 439760 (2023) ("*Carter I*"). But the reasoning and holding in *Carter I* is now in question under the *Compagner* Decision and the *Carter II* Order. Indeed, the Michigan Court of Appeals panel in *Compagner* expressly rejected the analysis in *Carter I*, and the Michigan Supreme Court has agreed to review the holdings in *Carter I*.

## ARGUMENT

NYMH moved to dismiss Plaintiff's First Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6) on several bases, including that Plaintiffs' claims are time-barred. ECF No. 16. Plaintiff relied on the decision by the Michigan Court of Appeals in *Carter I* to support her contention that the orders issued during the COVID-19 pandemic (the "Orders") toll certain filing deadlines

1

and rendered her claim timely under the six-year limitation period Plaintiff has argued applies. ECF No. 17. Further, Plaintiff has submitted Notices of Supplemental Authority concerning PPPA actions wherein COVID-19 tolling has been applied based on *Carter I*.[1]

In view of the *Compagner* Decision and the *Carter II* Order, Plaintiff's reliance on *Carter I* and the supplemental authority she submitted relying on *Carter I* must be considered with caution.

### I. *Compagner* Undermines the Holdings of *Carter I*.

Nearly six months after the decision in *Carter I*, a separate panel of judges for the Michigan Supreme Court held that "*Carter* was wrongly decided" because the Michigan "Supreme Court did not have the constitutional authority to issue" the Orders, rendering them invalid and incapable of saving the plaintiffs' "untimely filed" complaint. *Compagner*, 2023 WL 3766734, at *16. The *Compagner* court concluded that it was required to "follow *Carter* on this issue" and, because it disagreed, "declare a conflict with *Carter* relative to the constitutional validity of the Supreme Court's" Orders pursuant to M.C.R. 7.215(J). *Id.* at *8, *17.

---

[1] *Briscoe v. NTVB Media Inc.*, No. 4:22-cv-10352, ECF No. 25 (E.D. Mich. Mar. 3, 2023) (citing *Carter I* in finding that COVID tolling should apply in the PPPA action); *Gottsleben v. Informa Media, Inc.*, No. 1:22-cv-866, ECF No. 27 (W.D. Mich., July 7, 2023) (same).

2

Underscoring "the muddied nature of the caselaw" related to the applicability of the Orders, the *Compagner* court also reasoned that *Carter I*'s conclusion that the Orders tolled deadlines that expired after those Orders were rescinded in 2020 was "inconsistent" with both the language of the Orders and two other "controlling, published" Michigan Court of Appeals cases, which "interpreted [those Orders] as applying only to deadlines (for filing case-initiation or responsive pleadings) 'during the state of emergency'" related to COVID-19 in 2020, pursuant to the express language of the Orders. *Id.* at \*6-8 (citing *Wenkel v. Farm Bureau Gen. Ins. Co. of Mich.*, No. 358526, --- N.W.2d ----, 2022 WL 17364773, at \*4 (Mich. Ct. App. Dec. 1, 2022), appeal denied, 988 N.W.2d 482 (Mich. 2023); *Armijo v. Bronson Methodist Hosp.*, No. 358728, --- N.W.2d ----, 2023 WL 324450, at \*5, 6-7 (Mich. Ct. App. Jan. 19, 2023)).

Not only does the *Compagner* Decision undercut Plaintiff's argument that COVID-19 tolling should be permitted here, but the cases upon which it relies also demonstrate the unsettled nature of this issue. The *Compagner* Decision questions both the constitutionality of the Orders and *Carter I*'s substantive analysis of their applicability. This Court should not apply the reasoning of *Carter I* to save Plaintiff's claim here.

3

## II. The Michigan Supreme Court Should Decide the Issue of COVID-19 Tolling.

As a decision of an intermediate state court, the Michigan Court of Appeal's January 2023 ruling in *Carter I* is not binding here. However, the same would not be true as to a decision by the Michigan Supreme Court: "in general, 'only the law as expressed by the highest court of a State is binding on this Court in a diversity action.'" *Eastham v. Chesapeake Appalachia, L.L.C.*, 754 F.3d 356, 362 (6th Cir. 2014) (quoting *Ruth v. Bituminous Cas. Corp.*, 427 F.2d 290, 292 (6th Cir. 1970)). This bears particular force here, as following the Michigan Court of Appeals' published opinions in both *Compagner* and *Carter I* would be impossible, given that *Compagner* expressly and vociferously disagreed with relevant portions of *Carter I*. *Compagner*, 2023 WL 3766734, at *1, *8-*17.

Further weakening the persuasive value of *Carter I* is the fact that the Michigan Supreme Court has taken the case up on review. *Carter*, 991 N.W.2d 586. The *Carter II* Order specifically directs the parties to address whether the court possessed the authority to issue the Orders. *Id.*

## CONCLUSION

For the foregoing reasons, the Court should follow the *Compagner* Decision and hold that COVID-19 tolling does not apply and Plaintiff's claims are time-barred. It should thereafter grant NYMH's Motion to Dismiss Plaintiff's stale claims.

4

Date: September 14, 2023

Respectfully submitted,

/s/ *Kristen C. Rodriguez*
Kristen C. Rodriguez
Deborah H. Renner
DENTONS US LLP
1221 Avenue of the Americas
New York, New York 10020
Tel: (212) 768-6700
kristen.rodriguez@dentons.com
deborah.renner@dentons.com

CLARK HILL PLC
Peter B. Kupelian (P31812)
Carol G. Schley (P51301)
151 South Old Woodward Avenue, Suite 200
Birmingham, Michigan 48009
Tel: (248) 530-6336
pkupelian@clarkhill.com
cschley@clarkhill.com

*Counsel for Defendant,*
*New York Media Holdings, LLC*

5