# Exhibit A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ARLEEN KOSAK, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NEW YORK MEDIA HOLDINGS, LLC,<br><br>Defendant. | Case No. 2:22-cv-11850-MFL-EAS<br><br>Hon. Matthew F. Leitman |

**DECLARATION OF PHILIP L. FRAIETTA
IN SUPPORT OF PLAINTIFF'S OPPOSITION TO
<u>DEFENDANT'S MOTION TO DISMISS</u>**

I, Philip L. Fraietta, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am a partner at Bursor & Fisher, P.A., and one of Plaintiff's counsel in this action. I am an attorney at law licensed to practice in the States of Michigan, New York, New Jersey, and Illinois, and I am a member of the bar of this Court. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would testify competently thereto.

2. I make this declaration in support of Plaintiff's opposition to Defendant's Motion to Dismiss (ECF No. 37).

3. My firm and my co-counsel have filed and litigated nearly 100 cases

1

under the Michigan Preservation of Personal Privacy Act (the "PPPA").

4. Based on my experience litigating PPPA cases, I conservatively estimate that Plaintiff's counsel would expend approximately $3 to $5 million in attorneys' fees, and at least $100,000 in costs to obtain a class-wide judgment against Defendant at trial, and potentially millions more if the judgment were to be appealed before becoming final.

5. Indeed, in *Edwards v. Hearst Communications, Inc.*, Case No. 15-cv-09279-AT-JLC (S.D.N.Y.), my firm and my co-counsel had expended approximately $3.17 million in attorneys' fees and approximately $325,000 in expenses at the time of our fee petition. *See id.*, ECF No. 306, at 21. And that case was settled after the plaintiff won a motion for summary judgment, but before she moved for class certification. *See id.*, at 4-6 (summarizing same). Had that case continued through class certification, trial, and appeal, the attorneys' fees and expenses would have been significantly higher. The case illustrates how time-intensive a PPPA class action can be.

I declare under penalty of perjury that the above and foregoing is true and accurate.

Executed this 26th day of April 2024 at New York, New York.

                                                 */s Philip L. Fraietta*
                                                 Philip L. Fraietta