IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| ARLEEN KOSAK, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 2:22-cv-11850-MFL-EAS |
| vs. | ) ) | Hon. Matthew F. Leitman |
| NEW YORK MEDIA HOLDINGS, LLC. Defendant. | ) ) ) ) | ORAL ARGUMENT REQUESTED |

**REPLY BRIEF IN SUPPORT OF DEFENDANT
NEW YORK MEDIA HOLDINGS, LLC'S
MOTION TO DISMISS AMENDED COMPLAINT
<u>FOR LACK OF SUBJECT MATTER JURISDICTION</u>**

## Table of Contents

I. Plaintiff's Information and Belief Allegations as to Subject Matter Jurisdiction Are Insufficient. ...............................................................................2

II. Damages Are Insufficient for CAFA Jurisdiction. ............................................3

III. The Inclusion of Attorneys' Fees Does Not Help Plaintiff's Cause...................6

**CONCLUSION**................................................................................................7

Plaintiff ignores plain facts and clear law demonstrating that the putative class is too small to warrant federal subject matter jurisdiction. The facts, which Plaintiff decided not to challenge, are that there were 248 direct subscribers to *New York* magazine during the relevant time, amounting to, at most, $1,240,000 in damages under the PPPA. Plaintiff disregards this number, instead focusing on the total circulation number. But not everyone who subscribed to a publication has standing to recover damages under the PPPA. "Indirects," that is, those who did not purchase their subscription directly from the publisher, lack standing to sue under the PPPA. Plaintiff does not dispute that the one case that addresses this issue, the Sixth Circuit's decision in *Coulter-Owens v. Time Inc.*, 695 F. App'x 117 (6th Cir. 2017), says just that. Rather, Plaintiff asks the Court to delay any decision on who is properly in the class until some later point in time and instead rely on the conclusory allegations of the Amended Complaint. But there is no reason to delay a decision on a purely legal question. And Plaintiff cannot establish subject matter jurisdiction by falling back on her conclusory, information and belief allegations. With a class of, at most, only 248 direct subscribers, Plaintiff asks the Court to include attorneys' fees in its calculation. But even giving them the benefit of the doubt that their fees would be 33% of the class recovery, that would mean a fee of $409,200 and total damages would only equal $1,649,200. Plaintiff thus cannot meet her burden to show over $5 million in controversy. This case must be dismissed.

I. **Plaintiff's Information and Belief Allegations as to Subject Matter Jurisdiction Are Insufficient.**

Plaintiff contends "[b]ecause the FAC establishes the Court's subject-matter jurisdiction," that the allegations of her Amended Complaint must be taken as true unless Defendant can prove that they are incorrect "to a legal certainty" or that Plaintiff has acted in "bad faith." ECF 40 PageID.2034. But her subject matter jurisdiction allegations are not adequate because they are made on information and belief. *See* Am. Compl. ¶ 11 (alleging class members "in the thousands" "on information and belief). *Roll v. Upper Peninsula Power Co.*, 2023 WL 2730217 (W.D. Mich. Jan. 6, 2023) (Beckering, J.), cited by Defendant in its Opening Brief and not distinguished by Plaintiff, is instructive. *See* ECF 37 PageID.2001. In *Roll*, plaintiff alleged that damages exceeded the CAFA threshold "on information and belief," and the court held that such a "threadbare" allegation was insufficient to confer subject matter jurisdiction. *Roll* at *1. The court held that in such circumstances, plaintiff must allege CAFA jurisdiction by a preponderance of the evidence.[1] *Id.* Plaintiff's pleading fails for the same reason here.

---

[1] Plaintiff's citations to cases stating that Defendant must show a lack of subject matter jurisdiction "to a legal certainty" are inapposite. *See Jones v. Know Expl. Corp.*, 2 F.3d 181 (6th Cir. 1993) (dismissing case after plaintiffs stated in appellate brief that they had discovered their claims fell short of the requisite amount in controversy); *Kovacs v. Chesley*, 406 F.3d 393 (6th Cir. 2005) ($75,000 amount in controversy requirement satisfied because plaintiff claimed attorneys' malpractice prevented her from recovering $100,000 under a settlement program and there was

2

## II. Damages Are Insufficient for CAFA Jurisdiction.

Plaintiff was entitled to take jurisdictional discovery but declined to do so. (ECF Nos. 36, 38.) She is now faced with uncontroverted facts demonstrating that there were 248 direct subscribers in the class period Plaintiff herself says pertains here. Plaintiff ignores this number, arguing instead that the Court should consider the total circulation number at this phase of the litigation rather than only the "direct" subscribers ("Directs") that could be part of a class under the PPPA. But the total circulation number overstates the size of the class. Plaintiff does not dispute that

---

a legal basis for her claim); *Gottsleben v. Informa Media, Inc.*, 2023 WL 4397226 (W.D. Mich. July 7, 2023) (amount in controversy not challenged); *Shelter Mut. Ins. Co. v. Spurlin*, 2021 WL 2142602 (E.D. Ky. May 26, 2021) (determining the value of plaintiff's declaratory judgment action). In fact, to the extent they are applicable, some of Plaintiff's cases support Defendant's position. *Black v. Crowe, Pardis, & Albren, LLC* was a removal case where the plaintiff argued, without a basis in the complaint, that there were not enough eligible putative class members to meet CAFA's $5 million amount-in-controversy requirement given the amount of damages sought per class member. 2014 WL 3965043, at *2 (E.D. Ky. Aug. 13, 2014). But the defendant provided evidence that the size of the putative class was at least 1,300—large enough to exceed the jurisdictional threshold. *Id.* at *3. This case is the flip side of the same coin: Plaintiff baselessly claims on information and belief that the putative class has at least 1,000 members, but Defendant has offered evidence showing that there are only 248 putative class members and the jurisdictional threshold cannot be satisfied. *See also Marzolf v. JPMorgan Chase Bank N.A.*, 2024 WL 1332003 (E.D. Mich. Mar. 28, 2024) (remanding a case that had been removed because plaintiff's damages were capped by statute to an amount less than the amount-in-controversy requirement).

*Coulter-Owens* holds that only Directs can recover under the PPPA. Instead she argues that *Coulter-Owens* was wrongly decided, but does not state how or why.

Next, although she elected not to seek discovery on this issue, Plaintiff argues that, unlike *Coulter-Owens*, it is unclear in this case whether "Indirects" "paid money to third parties rather than being referred by third parties." ECF 40 PageID.2038. But the declaration submitted by the database manager clearly defines "Indirects" as those who "purchased indirectly through an agent." Vest Dec., ¶ 4; ECF 37 PageID.2004. There is no ambiguity.

Plaintiff then argues that the Court should decline to decide whether the class includes both "Directs" and "Indirects" at this juncture because it is a "merits" issue. But this is not just a merits issue. The question of who is entitled to seek to recover $5,000 under the PPPA is inextricably tied to the amount in controversy, and therefore to this Court's subject matter jurisdiction. *See* MCL 445.1715. There is no reason for delay: the factual evidence is before the Court now. As Defendant argued in its Opening Brief, citing Sixth Circuit cases that Plaintiff fails to distinguish, the Court is empowered to weigh evidence to determine subject matter jurisdiction. ECF 37 PageID.2002.[2] The time is ripe for a decision.

---

[2] Plaintiff's cases attempting to cast the CAFA issue as a merits issue are off point. *Galaria v. Nationwide Mut. Ins. Co.*, 663 F. App'x 384 (6th Cir. 2016), concerns whether there was a cognizable injury for standing, and was decided on a motion to dismiss. *Kovacs* similarly stands for the unremarkable notion that a plaintiff need not prove her case to establish subject matter jurisdiction at the pleading phase.

4

Plaintiff also contends that the *Coulter-Owens* court found standing at the motion to dismiss phase without regard to whether a plaintiff was a direct purchaser. But the court was only addressing whether an "injury-in-fact" had been alleged, which is an entirely different issue than CAFA jurisdiction. *See Coulter-Owens*, 695 F. App'x at 121 (disclosure of private information is a cognizable injury-in -act).

Plaintiff further contends that expired subscribers should be included in the class. ECF 40 PageID.2039-40. But she fails to address that Defendant accounted for this argument when it asked the database manager to calculate active subscribers from 2011 to 2016, which yielded 663 subscribers. Vest Dec. ¶ 8. Even at 663 subscribers, the total amount in controversy is only $3.3 million, still under the amount needed for federal subject matter jurisdiction. ECF 37 PageID.2006.

Finally, relying on *dicta* in *Pratt v. KSE Sportsman Media, Inc.*, 586 F. Supp. 3d 666 (E.D. Mich. 2022), derived from *dicta* in *Coulter-Owens*, Plaintiff argues that class members are entitled to $5,000 per incident, meaning that even with 248 class members, it is possible that damages would exceed $5 million. ECF 40 PageID.2040-41. But there is no case that so holds. The statute does not explicitly state that damages are per incident. Courts generally will not construe statutory damages to be "per violation" unless the statute explicitly says so. *See, e.g.*, *Jarman v. HCR ManorCare, Inc.*, 10 Cal. 5th 375, 392 (2020); *Lemaire v. Covenant Care California, LLC*, 234 Cal. App. 4th 860, 867 (2015). In contrast to the PPPA, the Michigan legislature explicitly stated that statutory damages under the Identity Theft Protection Act, Mich. Comp. Laws Ann. § 445.67a, would be "per violation." The Court does not have subject matter jurisdiction based on the legislature's silence.

5

### III. The Inclusion of Attorneys' Fees Does Not Help Plaintiff's Cause.

Plaintiff alleged that her class met the CAFA jurisdictional threshold "exclusive of … fees[] and costs." Am. Compl. ¶ 11. She now argues that even if the class size is 248 and class damages consequently are only $1.2 million, the attorneys' fees and costs would sufficiently bulk up that number to confer subject matter jurisdiction. Not so. Counsel's declaration of how much they recovered in *Edwards v. Hearst Communications, Inc.*, Case No. 15-cv-09279-AT-JLC (S.D.N.Y.)—a class action with nearly 4 million class members and numerous different publications—is irrelevant here. (*See Edwards*, ECF No. 309 (size); ECF. 290-1, ¶ 1.17 (publications list).) It is not plausible that counsel would expend the same amount of hours here as in the *Hearst* matter, given the size and complexity of the *Hearst* action (and its novelty at the time) versus the few hundred subscribers and one publication at issue here. Moreover, drawing from class settlement precedents, "fee awards in class actions average around one-third of the recovery." *Bessey v. Packerland Plainwell, Inc.*, No. 4:06-CV-95, 2007 WL 3173972, at *4 (W.D. Mich. Oct. 26, 2007). So, even if the class recovery here were $1.2 million, a court would not award the attorneys three to five times that amount at $3-5 million, as counsel argue, either under a percentage of recovery or lodestar method. At a 33%

6

recovery, attorneys' fees would be about $409,000, meaning $1.6 million in total damages, well under the over $5 million required.[3]

## CONCLUSION

This Court lacks subject matter jurisdiction over this action, and it must be dismissed.

Date: May 10, 2024

Respectfully submitted,

/s/ *Kristen C. Rodriguez*
DENTONS US LLP
Kristen C. Rodriguez
Deborah H. Renner
1221 Avenue of the Americas
New York, New York 10020-1089
Tel: (212) 398-5793
kisten.rodriguez@dentons.com
deborah.renner@dentons.com

CLARK HILL PLC
Peter B. Kupelian (P31812)
Carol G. Schley (P51301)
220 Park Street, Suite 200
Birmingham, Michigan 48009
Tel: (248) 530-6336
pkupelian@clarkhill.com
cschley@clarkhill.com

*Counsel for Defendant,*
*New York Media Holdings, LLC*

---

[3] Even at one third of the recovery for 663 Direct subscribers from 2011-2016, fees would be $1 million, bringing the total to about $4.3 million, which still falls short.

7

## Certificate of Service

I hereby certify that on May 10, 2024, a copy of the foregoing document was filed electronically and served by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

/s/ *Kristen C. Rodriguez*
Kristen Rodriguez

126835577